IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CR-45-D
No. 4:21-CV-176-D

JAJUAN RASHAD HARRELL,            )
                                  )
                Petitioner,       )
                                  )
        v.                        )        **AMENDED**
                                  )        **ORDER**
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

On December 6, 2021, Jajuan Rashad Harrell ("Harrell" or "petitioner") moved pro se under

28 U.S.C. § 2255 to vacate, set aside, or correct his 114-month sentence [D.E. 57]. On December

21, 2021, Harrell submitted his motion to dismiss on the required form [D.E. 59]. On April 4, 2022

the United States ("respondent") moved to dismiss Harrell's section 2255 motions [D.E. 72] and

filed a memorandum in support [D.E. 73]. The next day, the court informed Harrell about

respondent's motion to dismiss and the consequences of failing to respond [D.E. 74]. See Roseboro

v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 18, 2022, Harrell filed pro

se a rebuttal motion [D.E. 75] and a memorandum in support [D.E. 76]. On July 19, 2022, Harrell

filed supplemental information. See [D.E. 81]. As explained below, the court grants the

respondent's motion to dismiss, dismisses Harrell's section 2255 motions, and denies Harrell's

rebuttal motion.

I.

From July 2018 through March 2020, confidential informants with the North Carolina State

Bureau of Investigation and the Pamlico Country Sheriff's Office ("PCSO") purchased cocaine,

cocaine base (crack), methamphetamine, and heroin from Harrell. See Presentence Investigation

Report ("PSR") [D.E. 46] ¶ 7. On May 1, 2020, another confidential source ("CS") told a Homeland Security Investigation Task Force Officer and a PCSO investigator that the CS and the CS's friend purchased approximately 2.19 kilograms of heroin from Harrell in 2019. Id. at ¶ 9.

On December 16, 2020, pursuant to a written plea agreement [D.E. 35], Harrell pleaded guilty to distributing 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (count three). [D.E. 32]. On May 19, 2021, at the sentencing hearing, the court adopted the PSR. See Fed. R. Crim. P. 32 (i)(3)(A)–(B); PSR [D.E. 46]. Harrell did not object to the PSR, the effectiveness of counsel, the identity or quantity of the drugs in the PSR, the career offender enhancement in the PSR, or the failure of either party to call witnesses. See Sent. Tr. [D.E. 69] 4–35. The court found Harrell's total offense level to be 31, his criminal history category to be VI, and his advisory guidelines range to be 188 to 235 months' imprisonment. See id. at 5. After granting the government's downward departure motion and thoroughly considering the arguments of counsel, Harrell's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Harrell to 114 months' imprisonment. See id. at 24-33. Harrell did not appeal.

II.

Harrell makes five claims in his section 2255 motion:[1] (1) ineffective assistance of counsel by failing to communicate adequately with Harrell before sentencing about the sentencing process and the PSR; (2) ineffective assistance of counsel by failing to object to the identity and quantity of the drugs at sentencing; (3) his guilty plea was not knowing or voluntary because Harrell allegedly thought he was to be sentenced for distributing cocaine powder and not cocaine base; (4) the court

---

[1]Although Harrell's motion listed only four grounds, he combined two claims (ineffective assistance of counsel due to not objecting to the drug identity and quantity and that his guilty plea was not knowing or voluntary) into his second claim. See [D.E. 59].

2

incorrectly applied the career offender enhancement; and (5) the court abused its discretion by not permitting two of Harrell's witnesses to testify at sentencing. See [D.E. 59]. Harrell's rebuttal motion expands on his third ground for relief by arguing that his convictions for "inchoate crimes are not 'controlled substance offenses'" and cannot constitute career offender predicates, citing primarily United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) (en banc), cert. granted, judgment vacated, 142 S. Ct. 56 (2021). See [D.E. 75].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

3

**A.**

Harrell procedurally defaulted claims three, four, and five by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Harrell from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Harrell has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, these claims fail.

Alternatively, the collateral-attack waiver in Harrell's plea agreement bars claims three, four, and five. In Harrell's plea agreement, Harrell knowingly and voluntarily waived "any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct[.]" Plea Ag. [D.E. 35] ¶ 2(c). In light of Harrell's Rule 11 proceeding, the collateral-attack waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Thus, these claims fail.

Alternatively, Harrell cannot use a section 2255 motion to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error

4

in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Thus, Harrell's attack on his career offender status fails.

Alternatively, and in any event, the court rejects Harrell's assertion that Nasir and its progeny support his claim that the court erred in applying the career offender enhancement because "incohate crimes are not 'controlled substance offenses.'" [D.E. 75] 2; see Nasir, 982 F.3d at 159–60. For starters, the Supreme Court vacated Nasir; therefore, it has no persuasive authority. See United States v. Nasir, 142 S. Ct. 56 (2021).[2] But even if Nasir had any persuasive authority, its holding is irrelevant to Harrell. The court based Harrell's status as a career offender on, inter alia, his convictions for selling cocaine, common law robbery (two counts), and possession with intent to distribute heroin. See [D.E. 46] 14; PSR at ¶¶ 15, 22, 24, 25, 68. None of these predicate offenses or Harrell's offense of conviction are "incohate crimes." Thus, the court rejects Harrell's career offender argument.

Likewise, in light of the thorough Rule 11 proceeding and Harrell's sworn statements at that proceeding, Harrell's guilty plea was knowing and voluntary. See Rule 11 Tr. [D.E. 71] 2–27. Similarly, the court did not abuse its discretion concerning witnesses at the sentencing hearing. Indeed, neither party asked to call any witnesses. See Sent. Tr. at 2–34. Thus, these claims fail.

B.

As for Harrell's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v.

---

[2] The other cases Harrell cites, United States v. Reaves, 854 F. App'x 438, 439 (3d Cir. 2021) (unpublished), and United States v. Roman, 856 F. App'x 428, 429 (3d Cir. 2021) (unpublished), relied almost exclusively on the vacated decision in Nasir. Thus, those cases provide no help to Harrell.

5

Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

6

Harrell alleges that trial counsel was ineffective by failing to communicate adequately with him before sentencing about the sentencing process and the PSR. See [D.E. 59]. Harrell's own sworn statements during his arraignment hearing and sentencing hearing contradict the claim that counsel was ineffective, and Harrell's sworn statements bind him. See [D.E. 71]; see, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At Harrell's arraignment, the court explained the sentencing process in federal court to Harrell, and Harrell swore that he understood the process. See Rule 11 Tr. at 6–10, 12–14, 17–19. At Harrell's arraignment, Harrell also swore that his counsel had explained the sentencing process in federal court to him. Id. at 18. At sentencing, Harrell told the court that he had reviewed the PSR with counsel. See Sent. Tr. at 4–5. Harrell also confirmed to the court that he had no objections to the PSR. See id. Based on Harrell's own sworn statements in court, Harrell has failed to plausibly allege that counsel performed deficiently.

Alternatively, even if Harrell had plausibly alleged deficient performance, Harrell's motions fail as to prejudice. Harrell has not plausibly alleged that he would have received a lower sentence had counsel either communicated with him more about the sentencing process or the PSR. Moreover, to the extent Harrell's counsel failed to advise him about the sentencing process in federal court, the court cured any prejudice from that alleged failure during the Rule 11 hearing and before Harrell pleaded guilty. Rule 11 Tr. at 6–10, 12–14, 17–19. Moreover, this court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Harrell. Sent. Tr. 32–34; see Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156,

7

160–65 (4th Cir. 2012). Accordingly, Harrell's ineffective assistance of counsel claims fail.

After reviewing the claims presented in Harrell's motions, the court finds that reasonable jurists would not find the court's treatment of Harrell's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 72], DISMISSES petitioner's section 2255 motions [D.E. 57]; [D.E. 59], DENIES petitioner's rebuttal motion regarding respondent's motion to dismiss [D.E. 75], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _31_ day of August, 2022.

_James C. Dever_
JAMES C. DEVER III
United States District Judge

8